IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSH CHESTER,

    Plaintiff,

vs.                                        No. CV 20-00385 JCH/KK

MICHELLE LUJAN-GRISHAM,
METROPOLITAN DETENTION CENTER,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the Civil Rights Complaint filed by Plaintiff Josh Chester (Doc. 1). Plaintiff has failed to obey a Court Order and failed to prosecute this action. The Court will dismiss the Complaint without prejudice under Rule 41(b).

Plaintiff is a detainee at the Metropolitan Detention Center ("MDC"). On April 22, 2020, Plaintiff filed a letter complaint based on MDC's alleged failure to provide COVID-19 testing and safety equipment. (Doc. 1). The pleading was signed by 21 detainees. It did not name a single individual subject to suit and the Court could not discern the details of Plaintiff's housing arrangements or whether Plaintiff is at greater risk of COVID-19 complications due to Plaintiff's health.

By Order entered April 27, 2020, the Court directed Plaintiff to cure the deficiencies in the Complaint and gave Plaintiff the opportunity to refile the Complaint and allege individualized facts explaining why his conditions of confinement are unconstitutional. (Doc. 2). The Order provided Plaintiff forms and instructions to refile. The Order also directed Plaintiff to either prepay the

$400 filing fee or, alternatively, submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.  (Doc. 2).

The deadline for Plaintiff to cure the deficiencies was May 27, 2020. (Doc. 2 at 2).  The Order warned Plaintiff that the failure to timely address the filing fee and refile an individual civil rights complaint could result in dismissal of this case without further notice. (Doc. 2).  Plaintiff did not comply with or otherwise respond to the Order.  Accordingly, the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and failure to prosecute.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the . . . court's orders.")  This dismissal is without prejudice to refiling a new action.

IT IS ORDERED that Plaintiff's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b) and the Court will enter a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE